| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR/CIRCUIT COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: |
| | | |
| JIMMIE JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| JOHN DOE and | ) | |
| NAVISTAR, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff, Jimmie Johnson, Jr. ("Plaintiff"), by counsel, Matthew T. Kavanagh, for his Complaint for Damages against the Defendants, John Doe and Navistar, Inc., respectfully shows the Court the following:

**Facts Common to All Counts**

1. At all times relevant hereto, Plaintiff was a resident of the City of Milwaukee, County of Milwaukee, State of Wisconsin.

2. At all times relevant hereto, John Doe was an employee of Navistar, Inc.

3. At all times relevant herein, Navistar, Inc., was a Delaware Foreign For-Profit Corporation registered in the State of Indiana.

4. At all times mentioned herein, in the City of Indianapolis, County of Marion, State of Indiana, there was a public thoroughfare commonly known as Interstate 465.

5. On or about May 10, 2018, Plaintiff was driving a semi-truck northbound on 465, when his semi-truck broke down.

EXHIBIT A

6. Plaintiff requested a tow truck from a dispatch and Navistar, Inc, was contacted to provide assistance to Plaintiff. Navistar, Inc., sent their employee John Doe to the location where Plaintiff's semi-truck had broken down on Interstate 465.

7. While on a narrow shoulder on Interstate 465, John Doe partially lifted Plaintiff's semi-truck, while Plaintiff was still inside his semi-truck, onto his tow truck and proceeded to move the semi-truck to a ramp with a wider shoulder on Interstate 465 so he could finish securing the semi-truck onto the Navistar tow truck.

8. After John Doe finished moving Plaintiff's semi-truck, John Doe remained inside his tow truck, at which time Plaintiff opened the door and exited his semi-truck and fell due to the dangerous condition John Doe had created.

9. As a result of John Doe's instructions and direction, Plaintiff sustained significant injuries.

### Count I – Negligence by John Doe

10. Plaintiff reaffirms and incorporates paragraphs one (1) through nine (9) as if fully restated herein.

11. John Doe owed Plaintiff a duty to exercise reasonable care in maintaining and moving Plaintiff's semi-truck on Interstate 465 in a reasonably safe manner.

12. John Doe knew, or by the exercise of reasonable care should have known, of the dangerous condition created by towing Plaintiff's vehicle while the Plaintiff was still inside it.

13. John Doe failed to exercise reasonable care by inadequately protecting Plaintiff against the dangers created by the risk of towing Plaintiff's vehicle while the Plaintiff was still inside it.

14. John Doe committed one or more of the following acts and/or omissions of negligence:

   a) John Doe failed to warn Plaintiff of the potential danger posed by the dangerous condition of staying in his vehicle while it was being towed;

   b) John Doe failed to check and/or modify the dangerous condition prior to towing Plaintiff's vehicle;

   c) John Doe failed to implement proper safety and/or maintenance procedures;

   d) John Doe violated applicable ordinances, codes, and state laws applicable to the use of a tow truck;

   e) John Doe failed to otherwise move the Plaintiff's vehicle in a reasonably safe condition.

15. As a direct and proximate result of John Doe's negligence and breach of duties, Plaintiff sustained severe and recurring injuries, which have caused him pain, suffering, and emotional distress.

16. As a direct and proximate result of John Doe's negligence, Plaintiff was required to seek medical treatment from various health care providers, has incurred medical expenses as a result thereof, and may incur medical expenses in the future.

## Count II – Vicarious Liability of Navistar, Inc.

17. Plaintiff reaffirms and incorporates paragraphs one (1) through sixteen (16) as if fully restated herein.

18. At all times relevant herein, Navistar, Inc., employed Defendant John Doe.

19. Navistar, Inc., is vicariously liable under the doctrine of Respondeat Superior for the negligent acts and/or omissions committed by John Doe.

20. As a direct and proximate result of one or more of the foregoing acts and/or omissions of negligence on the part of John Doe, Plaintiff sustained injuries of a personal and pecuniary nature.

21. As a direct and proximate result of John Doe's negligence, Plaintiff was required to seek medical treatment from health care providers, has incurred medical expenses as a result thereof, and may continue to incur future medical expenses.

22. As a direct and proximate result of John Doe's negligence, Plaintiff experienced mental anguish, emotional distress, and pain and suffering, all of which may continue for an indefinite period

WHEREFORE, Plaintiff, Jimmie Johnson, Jr., by counsel, Matthew T. Kavanagh, prays for judgment against Defendants, John Doe and Navistar, Inc., in an amount commensurate with his injuries and damages, for any and all pre-judgment interest calculated daily according to Statute, for the cost of this action, for trial by jury, and for all other relief just and proper in the premises.

Respectfully submitted,

SCHILLER LAW OFFICES, LLC

*/s/ Matthew T. Kavanagh*
Matthew T. Kavanagh
Attorney No. 34393-49
**SCHILLER LAW OFFICES, LLC**
210 E. Main Street
Carmel, IN 46032
Telephone: 317-578-2100
Facsimile: 317-578-1146
E-Mail: mkavanagh@schillerlawoffices.com
*Attorney for the Plaintiff*