UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JIMMIE JOHNSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01493-TWP-DLP |
| | ) |
| JOHN DOE, | ) |
| RUSH TRUCK CENTERS OF INDIANA, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Defendant Rush Truck Centers of Indiana, Inc.'s Motion to Stay Discovery, Dkt. [46]. Defendant Rush Truck Centers of Indiana, Inc. ("Rush") requests that the Court stay discovery in this matter until a ruling is issued on its Motion to Dismiss. (*See* Dkt. 35). Plaintiff did not file a response and the deadline for doing so has now passed.

**I.    BACKGROUND**

On April 21, 2020, Plaintiff filed a Complaint against Defendants John Doe and Navistar, Inc. in Marion County Superior Court alleging that he had suffered physical injuries as a result of John Doe's negligent actions when attempting to tow his vehicle. (Dkt. 1-1). On May 26, 2020, Navistar removed the matter to this Court. (Dkt. 1). On June 15, 2020, Plaintiff filed an Amended Complaint in this Court, which added Rush as a named Defendant. (Dkt. 10).  On September 23, 2020, Navistar was dismissed as a Defendant by agreement of the parties. (Dkts. 21-22).

1

On March 15, 2021, Defendant Rush filed a 12(b)(6) Motion to Dismiss asserting that Plaintiff failed to bring suit within the applicable two-year statute of limitations. (Dkt. 36). On August 21, 2020, Defendant filed the instant Motion to Stay, which seeks a stay of discovery until resolution of its Motion to Dismiss. (Dkt. 46).

## II. LEGAL STANDARD

District courts have the inherent power to control their docket and enjoy broad discretion when determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Federal Rule of Civil Procedure 26(c) gives the Court discretion to issue an order staying discovery for good cause. *Castrillon v. St. Vincent Hosp. and Health Care Ctr., Inc.*, No. 1:11-cv-00430-WTL-DML, 2011 WL 4538089, *1 (S.D. Ind. 2011) (applying Rule 26(c) good cause standard to motion to stay); Fed. R. Civ. Pro. 26(c)(1). A party has no inherent right to a stay; thus, the moving party bears the burden of proving that the Court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

This Court utilizes the following factors in assessing whether a stay is warranted: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

Most importantly, the mere filing of a motion to dismiss for failure to state a

2

claim on which relief can be granted does not automatically stay discovery and the court is not required to grant a motion to stay discovery pending a ruling on a motion to dismiss. *Red Barn Motors, Inc. v. Cox Enters., Inc.*, No. 1:14-cv-01589-TWP-DKL, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016) (citing *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013). The court's decision whether to enter a stay depends entirely on the circumstances of the particular case. *Metro Fibernet, LLC v. Clear Home, Inc.*, No. 1:19-cv-03070-JPH-DML, 2020 WL 3397735, at *2 (S.D. Ind. Apr. 21, 2020).

### III.   DISCUSSION

Defendant argues that good cause exists in this case to stay discovery because the pending Motion to Dismiss is based on a straightforward jurisdictional issue, statute of limitations, that the Court will be able to resolve on the pleadings alone. (Dkt. 46 at 3). Additionally, Rush maintains that the Motion to Dismiss is fully briefed, so no further discovery is required to address the motion and all pending discovery requests were issued after the motion was already fully briefed. (Id.). Plaintiff did not file a response to Defendant's motion and the deadline to do so has now passed.

Although pending motions to dismiss do not automatically justify a stay of discovery, as it stands in this case, Rush's motion to dismiss is fully briefed, no discovery is required to complete briefing on the motion to dismiss, and the motion is based on pure jurisdictional grounds that do not require additional discovery to

3

resolve. Accordingly, the Court concludes that Defendant Rush has demonstrated good cause for a stay of discovery in this matter.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Defendant's Motion to Stay Discovery, Dkt. [46]. Discovery is stayed in this matter pending resolution of Defendant Rush's Motion to Dismiss (Dkt. 35). If the Defendant's Motion to Dismiss is denied, the parties shall file a joint status report within ten (10) days of the ruling.

So ORDERED.

Date: 7/16/2021

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.