UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JIMMIE JOHNSON, JR., | ) |
|                 Plaintiff, | ) |
|     v. | ) Case No. 1:20-cv-01493-TWP-DLP |
| JOHN DOE, and<br>RUSH TRUCK CENTERS OF INDIANA, INC., | ) |
|                 Defendants. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Rush Truck Centers of Indiana, Inc., ("Rush") (Filing No. 35), and Plaintiff's Motion to Set Hearing on Defendant's Motion to Dismiss (Filing No. 42). Plaintiff Jimmie Johnson, Jr., ("Johnson"), asserts negligence claims against the Defendants, John Doe and Rush for injuries incurred during a tow of Johnson's broken down semi-truck. Rush moves for dismissal arguing that Johnson's claims against him are barred by the statute of limitations for Indiana tort claims. For the following reasons, both Motions are **denied**.

**I.     BACKGROUND**

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of Johnsons as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

On May 10, 2018, Johnson, a Wisconsin resident, was traveling on Interstate 465 in Indiana, when his semi-truck broke down (Filing No. 10 at 2). He "requested a tow truck from his dispatch, Rush Truck Centers of Indiana, Inc., or Navistar, Inc., ("Navistar")," and either Rush or

Navistar sent their employee, John Doe, to help Johnson. *Id.* Once John Doe arrived, he partially lifted Johnson's semi-truck, with Johnson inside, and moved the truck to a ramp with a wider shoulder to finish securing the truck onto the Navistar tow truck. *Id.* After the truck was moved to the shoulder, Johnson opened the door, exited his semi-truck, fell, and sustained significant injuries. *Id.*

Johnson filed a lawsuit on April 21, 2020, in the Marion Superior Court against John Doe and Navistar, Inc. in which he alleged that John Doe was an employee of Navistar (Filing No. 1-1). Navistar removed the case to federal court, based on diversity of citizenship, on May 26, 2020 (Filing No. 1). On June 10, 2020, Johnson filed a Motion to Amend Complaint (Filing No. 8), which the Court granted on June 11, 2020 (Filing No. 9). Johnson filed his Amended Complaint on June 15, 2020, adding Defendant, Rush as a defendant, and allegations that John Doe is an employee of Navistar and Rush. (Filing No. 10). On September 22, 2020, Johnson and Navistar filed a Stipulation of Dismissal of Navistar only, with prejudice. (Filing No. 21).

Rush filed the instant Motion to Dismiss on March 15, 2021, arguing that Johnson's claims against it should be dismissed because Johnson did not add Rush as a defendant until the statute of limitations had run (Filing No. 36). Johnson, then filed a response and objection to Rush's Motion to Dismiss arguing that his Amended Complaint and claims against Rush are allowed under Fed. R. Civ. P. 15(c)'s doctrine of relation back (Filing No. 40). Rush, in its reply, argues that Fed. R. Civ. P. 15(c) does not apply (Filing No. 41).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations

in the complaint and draws all inferences in favor of Johnson. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

Rush argues that Johnson's claim against it should be dismissed because Indiana's two year statute of limitations for the tort claim had run by the time Johnson added Rush as party in this case. Johnson, in response, argues that pursuant to Fed R. Civ. P. 15(c), his Amended Complaint relates back to the time that his original complaint was filed. Fed. R. Civ. P. 15(c)(1) states:

(1) An amendment to a pleading relates back to the original pleading when:

> (A) The law that provides the applicable statute of limitations allows relation back;
> (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Most relevant to this case, if the amended complaint seeks to change or add a party, then the party must have received notice that it will not be prejudiced in defending on the merits and known or reasonably should have known that the action would be brought against it, unless Johnson made a mistake regarding the identity of the proper party. There are three necessary requirements for Johnson's Amended Complaint to relate back: (1) the change must assert a claim that arose out of the conduct in the original Complaint; (2) the new party (Rush) must have received notice of the action that and Rush will not be prejudiced in defending on the merits; and (3) the new party (Rush) must know or should have known that the action would have been brought against it, but for a mistake by Johnson about the proper party's identity.

The first requirement for Johnson's Amended Complaint to relate back to the original Complaint is clearly satisfied, as the new claim arises from the alleged negligence of a tow by John Doe at the time that Johnson's semi-truck was towed. The original Complaint alleges negligence from the same conduct and interaction.

The second requirement is that the new defendant receive "notice of the action that it will not be prejudiced in defending on the merits." Fed R. Civ. P. 15(c)(1)(C)(i). The United States Supreme Court has interpreted this portion of the rule according to its plain meaning, so a plaintiff

4

must amend a complaint against a new defendant within the statute of limitations. *See Schiavone v. DiCarolis*, 477 U.S. 21, 31 (1986). However, this interpretation was superseded by the Seventh Circuit, which found in interpreting the new version of Fed. R. Civ. P. 15(c) that "Rule 15(c) incorporates not only Rule 4(m)'s standard of allowance of 120 days for service of process, but also any extension of time for good cause." *Keller v. United States*, 444 Fed. App'x. 909, 911 (7th Cir. 2011). Fed. R. Civ. P. 4(m) has also been modified to consist of a 90-day limit for service on defendants. *See* Fed. R. Civ. P. 4(m). Thus, if a plaintiff seeks to add a party within 90 days of a timely filed complaint, they may do so, and they will satisfy the requirement under Fed. R. Civ. P. 15(c)(1)(C)(i).

In this case, Johnson filed his original Complaint on April 21, 2020, and his Amended Complaint on June 10, 2020—50 days after his original Complaint. Thus, even though Johnson's claim was filed outside of the original statute of limitations, under Fed. R. Civ. P. 15(c)(1)(C), the addition of Rush in the Amended Complaint is timely because it occurred within the time limit set by Fed. R. Civ. P. 4(m). Furthermore, Rush will not be prejudiced in defending on the merits, as Rush will still be able to file a summary judgment motion and/or to engage in discovery and challenge the case on its merits.

Recently, the Seventh Circuit found that "[a] plaintiff's 'deliberate but mistaken choice,' the [c]ourt noted, does not entirely foreclose an amendment from relating back under Rule 15(c)(1)(C)." *Herrera v. Cleveland*, F.4th 493, 498 (7th Cir. 2021) (quoting *Krupski v. Costa Crociere*, 560 U.S. 538, 549 (2010)). However, "a plaintiff's deliberate choice to sue one party over another while 'fully understanding factual and legal differences' between them is 'the antithesis of making a mistake concerning the proper party's identity.'" *Id.*

The Seventh Circuit's decision in *Herrera* was dependent upon the United States Supreme Court's decision in *Krupski v. Costa Crociere*, where the court disagreed with the statement that "any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake." 560 U.S. 538, 549 (2010). The Supreme Court found that the reasonableness of the mistake is not the primary concern, and that Rule 15(c)(1)(C)(ii) applies to a plaintiff who misunderstands the status or role of a possible defendant in the events giving rise to the claim. *See id.* The court also held that "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing of her original complaint." *Id.* at 548 (emphases in original).

The court continued to describe the purpose of the relation back doctrine, finding that it serves as a method to "balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rule of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Id.* at 550.

In his Response, Johnson explains that he thought he called Navistar to service the tractor-trailer and provide a tow; however, it was actually Rush that he called for assistance. (Dkt. 40 at 2.) From his description of the facts in the original Complaint, it is evident that Johnson believed Navistar was the liable company. Johnson made no mention of Rush as having been involved and described Navistar as the sole relevant entity (Filing No. 1). There is no indication that Johnson deliberately chose to sue Navistar as opposed to Rush, nor is there any indication that he "fully underst[ood] the factual and legal differences" when determining which company to sue. *Krupski*, 560 U.S. 538 at 549. Johnson points out that although discovery has not been completed yet, he believes that Rush knew or should have known that the action would have been brought against it,

6

but for a mistake concerning Rush's property identity. (Filing No. 40 at 5.) Here, since Rush engaged with Johnson, Rush should have known that the action would be brought against it, but for a mistake in party identity. Thus, the second requirement for Johnson's Amended Complaint to relate back to the date of the original complaint is also satisfied.

Additionally, Johnson, in his Objection and Response in Opposition to Defendant's Motion to Dismiss, (Filing No. 40), relies solely on Indiana case law. As Rush accurately asserts, the Federal Rules of Civil Procedure apply in this case because the Amended Complaint was filed in federal court. *See Clemons v. City of Hobart*, 2018 WL 1531787 (N.D. Ind. March 29, 2018). In *Clemons*, the plaintiff filed his amended complaint while the case was still in state court, so the court found that the state trial rule applied instead of the Federal Rules of Civil Procedure. In this instance, Johnson's Amended Complaint was filed in federal court, so the Federal Rules of Civil Procedure are the applicable rules. *See* (Filing No. 10).

Finally, there is no prejudice to Rush as it will have the opportunity to challenge Johnson's Amended Complaint more adequately as a summary judgment motion. The Seventh Circuit has found that:

> As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the state of limitations based on a more complete factual record.

*Sidney Hillman Health Center of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). As Rush points out in its brief, the sole issue to consider when reviewing a motion brought under 12(b)(6) is whether relief is possible under any set of facts that could be established consistent with the allegations. *Bartholet v. Reishauer* A.G., 953 F.2d 1073 (7th Cir. 1992). Here, Johnson's Amended Complaint sets out facially plausible facts that survive a statute-of-limitations

7

defense at the pleading stage. Rush, of course, may renew its challenge to applying Rule 15(c) at the summary judgment phase with a more complete factual record. Accordingly, the dismissal at this stage is not warranted.

## IV. CONCLUSION

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). For the foregoing reasons, the Court **DENIES** the Defendant's Motion to Dismiss ([Filing No. 35](#)). Johnson's negligence claim against Rush Trucking Centers of Indiana, Inc. may proceed. Johnson's Motion to Set Hearing on Defendant's Motion to Dismiss ([Filing No. 42](#)), is **DENIED**, because a hearing is not necessary.

**SO ORDERED.**

Date: 3/30/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Matthew Thomas Kavanagh
SCHILLER LAW OFFICES, LLC
mkavanagh@schillerlawoffices.com

Joseph Damien Ackerman
LEWIS, BRISBOIS, BISGAARD & SMITH LLP
joseph.ackerman@lewisbrisbois.com

Renee J. Mortimer
LEWIS, BRISBOIS, BISGAARD & SMITH LLP
Renee.Mortimer@lewisbrisbois.com